# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

KENNETH KABANUK,

                    Plaintiff,


v.                                    **MEMORANDUM OF LAW & ORDER**
                                      Civil File No. 07-2119 (MJD/SRN)
                                      Civil File No. 07-3369 (MJD/SRN)


CITY OF HARRIS and
RICHARD SMISSON,

                    Defendants.
_____

Kenneth Kabanuk, pro se.

Jessica E. Schwie and Pierre N. Regnier, Jardine Logan & O'Brien PLLP, Counsel
for Defendants.
_____


## I.    INTRODUCTION

       This matter is before the Court on Defendants' Motion to Dismiss.  [Docket

No. 17]  The Court heard oral argument on February 1, 2008.

## II.   BACKGROUND

### A.    Factual Background

At the time relevant to the Complaints in this matter, Plaintiff Kenneth
Kabanuk was the property manager of Big Daddy's Bar and Grill in Defendant
Harris, Minnesota ("the City").  Defendant Richard Smisson was the mayor of the
City.  Kabanuk's Complaints are based on allegations that Smisson and the City
made false statements regarding Kabanuk and repeatedly harassed Kabanuk.

**B.     Procedural Background**

On April 19, 2007, Kabanuk served the City with a Complaint based in
Minnesota state court, Chisago County, alleging slander and libel and violations
of the First Amendment of the United States Constitution.  On April 30, 2007, the
City removed the case to this Court based on federal question jurisdiction.

On April 23, 2007, the City served Kabanuk with written discovery.

On May 1, 2007, the Court issued a Notice of Pretrial Conference requiring
that the parties meet and confer on or before May 30, 2007.  Defendants' attorneys
contacted Kabanuk by mail on May 3, 2007, received no response, and again
contacted him by letter on May 18, 2007, to attempt to schedule the required meet
and confer by May 30.  The letters provide that defense counsel was not
attempting to contact Kabanuk by telephone at his request.  On June 7, 2007,
defense counsel and Kabanuk held the meet and confer, although it was after the

time period required by the Notice of Pretrial Conference due to Kabanuk's

failure to schedule a timely conference.

During the meet and confer, Kabanuk stated that he would not provide

any discovery responses until the Court issued the pretrial order.  Defendants'

attorney agreed to the delay, but stated that Kabanuk must provide timely

discovery responses following the issuance of the pretrial order.

Also during the meet and confer, defense counsel and Kabanuk discussed

that the parties were required by the Notice of Pretrial Conference, to file a Rule

26(f) Report by June 11, 2007.  Kabanuk and defense counsel agreed that defense

counsel would prepare the report, inserting the scheduling items that they jointly

agreed upon; Kabanuk would complete the portions of the report that related

solely to him in a separate document and send that to defense counsel to attach to

the report along with his executed signature page; and defense counsel would

file the report.  However, Kabanuk failed to complete his portion of the report.

He did not contact defense counsel prior to the pretrial conference.

The pretrial conference occurred on June 20, 2007, and Kabanuk

participated.  During the pretrial conference, Magistrate Judge Nelson urged

Kabanuk to retain counsel and reminded him that if he continued to proceed pro

se, he would be held to the same standards as a represented party.

On June 21, 2007, the Court entered a Pretrial Scheduling Order.  On July 9, 2007, and again on August 14, 2007, defense counsel reiterated to Kabanuk that he needed to provide a timely response to the discovery previously served upon him.  Defense counsel also asked Kabanuk to contact her and provide dates for Kabanuk to present himself for a deposition.  In the August 14, 2007 letter, defense counsel noted that she had not yet heard from Kabanuk and told Kabanuk that if he failed to respond within two weeks, she would bring a motion to compel.  Kabanuk did not contact defense counsel.

At some point, Kabanuk filed a lawsuit against Defendant Richard Smisson in Minnesota state court, Chisago County, alleging substantially the same allegations as contained in Kabanuk's lawsuit against the City.  Kabanuk never served the Summons and Complaint on Smisson.  On July 3, 2007, Smisson received a Notice of Default Judgment Hearing from the state court.  On July 17, 2007, Smisson removed the case to this Court.  On July 25, 2007, the Court consolidated the case against Smisson, Civil File No. 07-3369, with the case against the City, Civil File No. 07-2119.

On August 20, 2007, the parties' Rule 26(a)(1) were due under the Court's

4

Pretrial Order.  Although the City served its Rule 26(a)(1) disclosures on that date, Kabanuk did not.

By a letter dated October 1, 2007, Defendants informed Kabanuk that they had scheduled a hearing on a motion to compel for November 5, 2007, because he had not served discovery responses, served Rule 26(a)(1) disclosures, or provided defense counsel with dates and times of availability for a deposition or otherwise contacted defense counsel.

On October 18, 2007, Defendants filed and served all papers supporting the motion to compel.  Kabanuk did not file an opposition and did not appear for the hearing before the Magistrate Judge.  Magistrate Judge Nelson entered an Order granting the motion to compel on November 5, 2007.  The Order warned that "[f]ailure to comply with this discovery Order may lead to dismissal of Plaintiff's action."

On November 6, 2007, Defendants served the Order granting the motion to compel on Kabanuk.  All of Defendants' service on Kabanuk has been by mail and no mail has ever been returned.  Defense counsel recently confirmed that Plaintiff still resides at the address listed on the docket.

To date, Kabanuk has not made any further contact with defense counsel

and has not appeared in this matter since the June 20, 2007 pretrial conference.

Kabanuk has not responded to Defendants' Motion to Dismiss and failed to

appear for oral argument on the motion.

## III.  DISCUSSION

Defendants request that the Court dismiss Plaintiff's Complaints with

prejudice under Federal Rule of Civil Procedure 37 based on Plaintiff's failure to

comply with Court orders and failure to respond to discovery requests; under

Federal Rule of Civil Procedure 41(b) for failure to prosecute; and under Federal

Rule of Civil Procedure 56 for lack of admissible evidence to support Plaintiff's

claims.

### A.    Dismissal Under Rule 37

#### 1.    Standard

The Court has broad discretion to impose sanctions for failure to comply

with its discovery orders.  Fed. R. Civ. P. 37(b), (d).   "Federal Rule of Civil

Procedure 37(b)(2)(C) authorizes the court to impose sanctions upon parties who

fail to comply with discovery orders, but dismissal may be considered as a

sanction only if there is (1) an order compelling discovery, (2) a willful violation

of that order, and (3) prejudice to the other party."  Schoffstall v. Henderson, 223

6

F.3d 818, 823 (8th Cir. 2000) (citation omitted).

Pro se parties are required to comply with the Federal Rules of Procedure and the Court's orders.  See, e.g., Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.") (footnote omitted);  Ackra Direct Mktg. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.") (citations omitted).

### 2.    Analysis

This is not a case in which a pro se party has at least attempted to litigate his claims and offer some type of response, albeit a response not meeting the technical requirements of the Rules of Procedure.  Rather, Kabanuk has not complied at all; nor has he done anything to prosecute his Complaints.  The Court may dismiss a case if a pro se plaintiff fails to comply with a Court order. See, e.g., Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (upholding dismissal of complaint where pro se litigant failed to cooperate in scheduling discovery).

Defendants have been prejudiced by Kabanuk's failure to engage in discovery or comply with Court Orders because they have not had the opportunity to investigate or determine the factual basis of Kabanuk's claims or make appropriate motions based on his claims.   See In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003) (noting party prejudiced if other party's failure to comply with discovery requests impairs opponent's ability to determine factual merits of claim).

In the nine months since Defendants answered Kabanuk's first Complaint, they have attempted to conduct discovery and move the litigation forward, but Kabanuk has completely ignored their discovery requests and the Court's orders regarding discovery.  Additionally, the Court warned Kabanuk that failure to comply with its orders could result in dismissal and that he would be held to the same standards as a represented party, but those warnings had no effect.

The Court concludes that dismissal of this case is appropriate under Rule 37.  Kabanuk has clearly violated more than one discovery order and continues to refuse to participate in discovery despite Magistrate Judge Nelson's November 5, 2007 Order, which warned him that failure to comply with her discovery Order "may lead to dismissal of Plaintiff's action."  Given the extended pattern of

8

disobedience, the clarity of the discovery orders that Kabanuk has violated, and the Court's previous warnings, the Court concludes that Kabanuk's conduct is willful.  Defendants are prejudiced by their inability to investigate the claims against them.  Rule 37 provides a sufficient, independent basis for dismissal of Kabanuk's Complaint with prejudice; however, it is not the only basis for dismissal of his Complaint.

**B.    Dismissal Under Rule 41(b)**

**1.    Standard**

"The Federal Rules of Civil Procedure permit dismissal with prejudice '[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court.'  Fed. R .Civ. P. 41(b)."  <u>Hunt v. City of Minneapolis</u>, 203 F.3d 524, 527 (8th Cir. 2000).  Dismissal with prejudice is only warranted "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.  This does not mean that the district court must find that the [plaintiff] acted in bad faith, but requires only that he acted intentionally as opposed to accidentally or involuntarily."  <u>Id.</u> (citations omitted).

**2.    Analysis**

In this case, Kabanuk did not timely participate in the meet and confer and

did not complete the Rule 26(f) report.  In violation of the Scheduling Order, he

did not make any Rule 26(a) disclosures.  In violation of the November 5, 2007

Order, he failed to respond to any of the outstanding discovery.  Plaintiff has so

delayed even though the Court warned him that he was required to comply with

Court rules and that his disobedience of its November 5 Order could result in

dismissal.

Plaintiff's repeated, deliberate violations of Court orders have prejudiced

Defendants and their ability to investigate his claims and set forth a proper

defense.  A lesser sanction would be ineffective given the Court's previous

warnings, Kabanuk's failure to participate in any way in the litigation he initiated

for more than seven months, and the imminent close of discovery.  Kabanuk's

pattern of intentional disobedience of Court Orders and his complete failure to

prosecute this case justifies dismissal with prejudice.  See, e.g., First Gen. Res. Co.

v. Elton Leather Corp., 958 F.2d 204, 206-07 (8th Cir. 1992) (dismissing case with

prejudice when plaintiffs committed a series of deliberate acts which delayed the

litigation and failed to comply with court orders directing responses to

discovery).

C.      Conclusion

10

The Court concludes that dismissal of the Complaint, with prejudice, is warranted under Rule 37 and, independently, under Rule 41.  Kabanuk has had ample warning that his Complaint was in danger of dismissal with prejudice.  He ignored the Magistrate Judge's oral warning that he would be held to the standards of the Rules of Civil Procedure and the Court's Orders even as a pro se litigant and the warning in the Magistrate Judge's Order that his case could be dismissed if he disobeyed the Order.  He had notice of this Motion to Dismiss but completely failed to respond.  Kabanuk's failure to prosecute his case and frequent disobedience of Court orders has prejudiced Defendants and prevented them from obtaining any discovery in this matter and defending against this case.  Because dismissal with prejudice is justified under both Rule 37 and under Rule 41, the Court does not need to reach Defendants' arguments regarding summary judgment under Rule 56.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Defendants' Motion to Dismiss.  [Docket No. 17]

2.      The Complaints in both Civil File No. 07-2119 (MJD/SRN) and Civil

File No. 07-3369 (MJD/SRN) are **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   February 4, 2008                    s /Michael J. Davis_____
                                             Judge Michael J. Davis
                                             United States District Court